IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____ (CIVIL)

JEREISHA ORTIZ-SOTO and
ULYSSES TRINIDAD, individually and
as natural guardians and parents of
J.T., a minor child,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs, JEREISHA ORTIZ-SOTO and ULYSSES TRINIDAD, individually and as natural guardians and parents of J.T., a minor child, sue Defendant, UNITED STATES OF AMERICA, for damages and allege as follows:

### JURISDICTIONAL STATEMENT

1. This is a claim against the UNITED STATES OF AMERICA for money damages for injuries caused by the negligence or wrongful acts or omissions of employees, agents, and/or servants of JESSIE TRICE COMMUNITY HEALTH CENTER, INC. ("JTCHC"), including, but not limited to, ATA ATOGHO, M.D. ("ATOGHO"), located in Miami-Dade County, Florida.

2. Jurisdiction is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1346(b), and 28 U.S.C. § 2674.

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 2 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

3. Venue is proper in the Southern District of Florida based upon 28 U.S.C. § 1931(e) because the Southern District, Miami Division, is the judicial district in which JTCHC and ATOGHO are located.

### IDENTIFICATION OF PARTIES

4. Plaintiffs, JEREISHA ORTIZ-SOTO ("Ms. Ortiz-Soto") and ULYSSES TRINIDAD ("Mr. Trinidad") (collectively "Plaintiffs"), at all times material hereto, were *sui juris*, the natural guardians and parents of J.T., a minor child, and were residents of Miami-Dade County, Florida.

5. J.T., a minor child, is seriously, totally and permanently disabled. Her natural guardians and parents, Plaintiffs, have brought suit on her behalf as well as for their own personal damages on account of giving birth to a child with a permanent brain injury.

6. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including, but not limited to, JTCHC and ATOGHO, rendered medical care to Ms. Ortiz-Soto and her minor child, J.T., from December 4, 2012 through May 10, 2013.

7. JTCHC has been deemed an agency of Defendant, UNITED STATES OF AMERICA, through the United States Department of Health and Human Services.

8. At all times material hereto, ATOGHO was an employee and/or agent of JTCHC and was acting within the course and scope of his employment and/or agency relationship with JTCHC and is, therefore, covered under the FTCA.

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 3 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. This action has been commenced against the Defendant within six (6) years after the right of action first occurred. Plaintiffs have complied with the requirements of 28 U.S.C. § 2401 by presenting a claim in writing to the appropriate federal agency within two (2) years after the claim accrued. A copy of the Notice of Claim was filed on behalf of Plaintiff, J.T., a minor child, Ms. Ortiz-Soto and Mr. Trinidad, individually, on March 12, 2015. The acknowledgment of receipt of claim by the Defendant was dated March 16, 2015. Defendant automatically denied all the claims on September 12, 2015, after no denial was received six (6) months after receipt of Plaintiffs' Notice of Claim. Therefore, the Plaintiffs have complied with any and all conditions precedent to the maintenance of this lawsuit, including 28 U.S.C. § 2401 and § 2675.

10. An Amended Notice of Intent to Initiate Litigation for Medical Negligence was given to ATOGHO by letter dated January 6, 2015, in accordance with the requirements of 28 U.S.C. § 2401 and Florida Statute § 766.106(2).

11. Alternatively, this action been properly brought within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident occurred or within two (2) years of the date the alleged negligent incident could have been discovered with the exercise of due diligence and not later than four (4) years from the date the incident occurred.

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 4 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

## CERTIFICATE OF COUNSEL

12. Through Counsel's signature on this Complaint, it is hereby certified pursuant to Florida Statute § 766.203, that counsel for the Plaintiffs, prior to the filing of this action, made a reasonable investigation as permitted by the circumstances to determine if there are grounds or a good faith belief that there was negligence in the care and treatment of Ms. Ortiz-Soto and her minor child, J.T., by Defendant. Further, such reasonable investigation has given rise to a good faith belief that grounds exist for an action against the named Defendant.

## FACTS GIVING RISE TO CAUSE OF ACTION

13. On or about December 4, 2012, Ms. Ortiz-Soto became a patient of JTCHC for obstetrical care.

14. On or about May 10, 2013, Ms. Ortiz-Soto was admitted to North Shore Medical Center in labor at approximately 5:00 am.

15. During her admission, Ms. Ortiz-Soto's obstetrical and medical care was monitored by ATOGHO and the labor and delivery nursing staff at North Shore Medical Center.

16. The history and physical dictated by Dr. Atogho stated Ms. Ortiz-Soto was 39.5 weeks with a complaint of contractions, no vaginal bleeding, no loss of fluid and good fetal movement. A vaginal exam showed 3 to 4 cm dilated, 50% effaced and -3 station.

Case 1:16-cv-20635-DPG   Document 1   Entered on FLSD Docket 02/22/2016   Page 5 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

17. At or about 4:52 am, an external fetal monitoring device is placed on Ms. Ortiz-Soto. At this time, the fetal monitor tracings are reassuring for fetal well-being. The fetal heart rate baseline was approximately at 130's.

18. At or about 5:41 am the fetal heart tracings become sketchy. At or about 6:10 am there is no fetal heart rate and uterine activity documented on the fetal monitor tracings since 5:41 am.

19. At or about 7:30 am, the first assessment of fetal and maternal status is documented and the fetal monitor tracing shows the fetal heart rate was in the 140's.

20. At or about 7:54 there are prolonged variable deceleration from 130 to 100's.

21. At or about 10:00 am, the second assessment of fetal and maternal status is documented and the fetal monitor tracing shows fetal heart rate remained in the 140's.

22. At or about 11:30 am, the third assessment of fetal and maternal status is documented and the fetal monitor tracing shows fetal heart rate 135 and variable decelerations.

23. At or about 12:32 pm, Pitocin was administered.

24. At or about 12:58 a vaginal exam showed cervix was 3-4 cm dilated; 50% effaced and -3 station.

25. At or about 1:05 pm, Dr. Atogho is at the bed side.

Case 1:16-cv-20635-DPG   Document 1   Entered on FLSD Docket 02/22/2016   Page 6 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

26. At approximately 1:06, the membranes rupture and copious clear amniotic fluid without odor.

27. At approximately 1:08, the fetal monitor tracings show variable decelerations to the 90s.

28. From, at or about, 1:08 pm to 1:29 pm, the variable decelerations in Baby J.T.'s heart rate continue.

29. At approximately 1:30 pm, the fetal monitor tracings show continued variable decelerations to the 70's and 90's with marked variability. Ms. Ortiz-Soto is given oxygen at 12 liters via non-rebreather, she is moved to the left lateral position and Pitocin is discontinued.

30. The ominous fetal monitor tracings show that for over one hour that the fetal heart rate is progressively non-reassuring with evidence of tachycardia, worsening variable decelerations and prolonged decelerations. Despite these ominous findings, Dr. Atogho fails to intervene and facilitate the delivery of Baby J.T. who has been demonstrating a compromised condition.

31. For the next hour, Baby J.T. continues to be in severe fetal distress with and his cries for help are ignored by Dr. Atogho.

32. A subsequent vaginal exam performed by ATOGHO revealed dilation at seven (7) to eight (8) centimeters, at or about 1:49 pm. At this point Dr. Atogho continues with her plan for a vaginal delivery despite the ominous tracings that Baby J.T. is in severe fetal distress.

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 7 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

33. At or about 2:20 pm, Ms. Ortiz-Soto is taken to the operating room for an "emergency" cesarean section for non-reassuring fetal heart rate, bradycardia. The cesarean section was performed by Dr. Atogho.

34. On or about May 2013,[1] at approximately 2:51 pm, Baby J.T. weighed seven (7) pounds and five (5) ounces. Baby J.T.'s Apgar scores were one (1) at one (1) minute, three (3) at five (5) minutes, and five (5) at ten (10) minutes.

35. At birth, Baby J.T. was noted to be totally limp with no respiratory effort and no heart rate.

36. Immediately after Baby J.T.'s birth, she required full resuscitation, including positive pressure ventilation, chest compressions and epinephrine. Baby J.T.'s heart rate was detected at seven (7) minutes of age.

37. Baby J.T. was transferred to the NICU at forty minutes (40) minutes of age and was noted to have some jerking movement of the lower extremities and then focal tonic-clonic jerking movement of left arm and with lip smacking. The initial arterial blood gasses, after resuscitation, showed pH: 7.20 and BE: -18.6. As a result of these findings, Baby J.T. was loaded with Phenobarbital for her seizures.

38. As a result of Baby J.T.'s condition after birth, Baby J.T. was transferred to Miami Children's Hospital in Miami, Florida on May 10, 2013.

39. At Miami Children's Hospital, Baby J.T. was diagnosed with hypoxic ischemic encephalopathy and congenital anomalies.

---

[1] The date of Baby J.T.'s birth is not given in or der to comply with Rule 5.2 of the Fed. R. Civ. P., and its privacy protection provisions.

Case 1:16-cv-20635-DPG   Document 1   Entered on FLSD Docket 02/22/2016   Page 8 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

40. As a result of Baby J.T.'s hypoxic ischemic encephalopathy, Baby J.T. will have to be closely monitored by her physicians and will require extensive future medical, nursing, and rehabilitative care.

41. As a direct and proximate result of the negligence of the Defendants, Baby J.T. has a significant and permanent brain injury and permanent total disabilities.

## COUNT I
## CLAIM AGAINST DEFENDANT, UNITED STATES OF AMERICA

42. Plaintiffs re-adopt and re-allege paragraphs 1 through 41 and further allege:

43. Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, including but not limited to JTCHC and ATOGHO, in providing medical care and treatment to Plaintiffs, Ms. Ortiz-Soto and J.T., a minor child, at JTCHC, had and undertook the duty to provide medical care and services in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasonably prudent, similar health care providers in the same or similar community.

44. Notwithstanding this duty, Defendant, UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, breached its duties in one or more of the following ways:

    a. Negligently and/or carelessly failed to timely and appropriately treat, evaluate, monitor, manage, diagnose, and/or assess Ms. Ortiz-Soto and her unborn infant;

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 9 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

b. Negligently and/or carelessly failed to timely and appropriately evaluate, assess, manage, and monitor J.T.'s pre-delivery status;

c. Negligently and/or carelessly failed to timely and appropriately deliver J.T.;

d. Negligently and/or carelessly failed to prevent serious and permanent damages to J.T. including but not limited to hypoxic ischemic encephalopathy and the many other resulting sequelae;

e. Negligently and/or carelessly failed to recognize that the unborn infant was in fetal distress;

f. Negligently and/or carelessly failed to timely and appropriately monitor, treat, diagnose, evaluate, assess, and manage Ms. Ortiz-Soto and her unborn infant in a timely manner before, during, and after the delivery;

g. Negligently and/or carelessly failed to timely and appropriately evaluate, monitor, diagnose, treat, manage and assess the medical condition of Ms. Ortiz-Soto and that of her infant child J.T.;

h. Negligently and/or carelessly failed to recognize that Ms. Ortiz-Soto was showing signs and symptoms of fetal distress which required immediate delivery by caesarean section;

i. Negligently and/or carelessly failed to perform an immediate caesarian section when the fetal monitor strips showed fetal distress;

Case 1:16-cv-20635-DPG   Document 1   Entered on FLSD Docket 02/22/2016   Page 10 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

j. Negligently and/or carelessly failed to recognize that Ms. Ortiz-Soto was showing signs and symptoms of fetal distress which required emergency delivery;

k. Negligently and/or carelessly failed to appropriately and timely deliver Ms. Ortiz-Soto of her infant child J.T.;

l. Negligently and/or carelessly failed to monitor Ms. Ortiz-Soto's infant child, J.T.'s status in utero;

m. Negligently and/or carelessly failed to appreciate fetal distress which presented a danger and threat to the welfare of the infant in utero;

n. Negligently and/or careless failed to appreciate an obstetrical emergency of which there was clear evidence of fetal distress; and

o. Negligently and/or carelessly failed to monitor the status of J.T., in utero, from the time that Ms. Ortiz-Soto was in the labor and delivery suite up until the baby was actually delivered.

45. As a direct and proximate result of the negligence of the Defendant, UNITED STATES OF AMERICA, by and through its employees, agents, and/or servants, including, but not limited to, JTCHC and ATOGHO, J.T., a minor child, has in the past and will in the future suffer bodily injury, pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, reasonable expense of hospitalization and medical, nursing and other health care related expenses,

Case 1:16-cv-20635-DPG  Document 1  Entered on FLSD Docket 02/22/2016  Page 11 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

loss of wage earning capacity, rehabilitation expenses and aggravation of a pre-existing condition.

46. Furthermore, as a direct and proximate result of the negligence of Defendant, UNITED STATES OF AMERICA, by and through its employees, agents, and/or servants, including, but not limited to, JTCHC and ATOGHO, J.T. was born with permanent and total disability and damages of a serious and permanent nature, and the parents have individual claims on account of the condition of their child.

47. In addition, Defendant's, UNITED STATES OF AMERICA, negligence caused and/or substantially contributed to J.T.'s hypoxic ischemic encephalopathy (brain injury). Ms. Ortiz-Soto and Mr. Trinidad, individually and as parents and natural guardians of J.T., a minor child, have in the past and will in the future suffer permanent loss of services, comfort, society, love, affection and solace of J.T. and medical, hospital and related expenses on account of her permanent total disability, as well as earnings lost in the past and loss of ability to earn money in the future reasonably resulting from the need to care and provide for J.T. because of the child's injury and incapacity.

**WHEREFORE**, Plaintiffs, JEREISHA ORTIZ-SOTO and ULYSSES TRINIDAD, individually and as parents and natural guardians of J.T., a minor child, demand judgment against Defendant, UNITED STATES OF AMERICA, for compensatory damages in the amount in excess of the minimum jurisdictional limits of this Court, exclusive of interests and costs.

Case 1:16-cv-20635-DPG Document 1 Entered on FLSD Docket 02/22/2016 Page 12 of 12

ORTIZ-SOTO, etc. et al. vs. UNITED STATES OF AMERICA

Dated this 22nd day of February, 2016.

            GAMBA LOMBANA & HERRERA
            Attorneys for Plaintiffs
            2701 Ponce de Leon Blvd.
            Mezzanine Floor
            Coral Gables, Florida 33134
            Phone: (305) 448-4010
            Fax: (305) 448-9891

            By: _____
                 Hector J. Lombana
                    Florida Bar No.: 238813
                    hlombana@glhlawyers.com
                Araly Herrera
                    Florida Bar No.: 121241
                    aherrera@glhlawyers.com